JAMES B. STEPHENS, RESPONDENT, *v.* SCHOOL DISTRICT NO. 21, MULTNOMAH CO., APPELLANTS.

ASSESSMENTS — INDEBTEDNESS MAY BE DEDUCTED FROM ASSESSMENTS FOR SCHOOL PURPOSES.—Taxable property, within the meaning of the statute which authorizes the levy of taxes by school districts, is that property which persons within the district own, exclusive of indebtedness. The clerks of school districts, in making assessments, must follow the general law governing assessors.

Appeal from Multnomah County.

The facts are stated in the opinion.

*Claude Thayer*, for appellants.

*H. T. and E. W. Bingham*, for respondent.

By the Court, McArthur, J.:

The appellants are the officers of School District No. 21, in Multnomah county. At the annual meeting of the qualified voters of said district, in April, 1876, there was levied a school tax of two mills on the dollar upon the taxable property therein. Respondent was the owner of certain real property in said district, of the value of forty-six thousand four hundred and fifty dollars, and was indebted within that district in the sum of two thousand dollars, and outside thereof, but within the state, about fifty-four thousand dollars. He applied to the directors to have all said indebtedness deducted from his assessment, which request was denied. These facts, in an agreed statement, were presented to the court below, where it was decided that said indebtedness should be deducted. From that decision this appeal is taken. The question for decision, therefore, is: Can indebtedness within the state be deducted from the valuation of the personal and real property of the resident of a school district, by the clerk of the district who is making an assessment of the property in his district, upon which a tax has been levied in the manner prescribed by law? By legislative enactment, it is made the duty of the clerk of a school district, whenever a tax is levied by the district, to make an assessment of all the taxable property therein, and deliver the assessment roll to the directors (Miss. Laws, chap. 4, sec. 54, subd. 3), whose duty it in turn becomes to examine and correct the same, and to issue warrants upon which the taxes are to be collected. (Id. sec. 37, subds. 2, 8.) It is because the act of October 29, 1872, relating to common schools, in which the sections and subdivisions cited above are found, does not in direct terms provide for the deduction of indebtedness, that appellant's

counsel argue that such deduction cannot be legally allowed. It is true there is in the act no provision, directly declaring that indebtedness may be deducted, nor is there any provision setting forth in detail the manner in which the assessment is to be made.

All that there is on this latter subject is contained in section 54, above referred to, which simply contains an enumeration of the duties of the clerk. That officer is authorized "to make an assessment of all the taxable property" in his district. What is taxable property? In answering this question, it is obvious that we should consider all the laws of a general character upon the subject of assessments and collection of taxes, for the rule of construction is that all statutes *in pari materia* must be so construed as that proper effect may be given to the provisions of each enactment. Applying this rule, we must construe the sections and subdivisions cited in connection with the general laws, in relation to the assessment of property and collection of taxes for state and county purposes. For such purpose the amount of taxable property is that which a person owns in excess of his indebtedness, for it is the "duty of the assessor to deduct the amount of indebtedness within this state, of any person assessed, from the amount of his or her taxable property." (Miss. chap. 57, sec. 16.) There being no other or different methods provided for making assessments in school districts, the clerks thereof must follow the provisions of the general laws governing assessors, and deduct indebtedness within the state, so that the taxes may be collected from what the general laws have in effect declared to be taxable property—the amount which one owns over and above his indebtedness within the state.

From these views it follows that the question presented must be answered in the affirmative, and the judgment of the court below affirmed.