Decided at PENDLETON, July 18, 1896.

## STEEL *v.* FELL.

[45 Pac. 794.]

TAXATION — DEDUCTION FOR INDEBTEDNESS — CODE, § 2832.— Under section 2832, Hill's Code, which provides that whenever the assessor, through mistake or otherwise, shall return as taxable property a greater amount than should be assessed to any person, the sheriff may remit the excess upon affidavit that the property was wrongfully assessed, and presentation of a verified list of all the person's property liable to taxation. The sheriff has no power to allow a deduction from the tax for indebtedness; his power is limited to remitting the tax on the excess of taxable property listed against the taxpayer by the assessor.

From Malheur: ROBERT EAKIN, Judge.

This is a proceeding by mandamus to compel the sheriff under section 2832, Hill's Code of Oregon, to deduct certain indebtedness claimed by Steel and Adams from the amount of their taxable property, and to remit the taxes upon the amount so deducted. The facts out of which the controversy arose are briefly these: On July twenty-first, eighteen hundred and ninety-one, Steel and Adams, having been applied to by the assessor of Malheur County for a statement of their taxable property, filled out a blank list used for the purpose, and gave in their property in brief as follows: Land, one thousand three hundred and sixty dollars; improvements thereon, one thousand six hundred dollars; personal property, twelve thousand three hundred and twenty-two dollars; aggregating fifteen thousand two hundred and eighty-two dollars, and claimed an exemption of three hundred dollars, and a deduction

for indebtedness within the state in the sum of twenty thousand dollars. The assessor extended the property so listed upon the assessment roll with deductions as claimed for exemption and indebtedness, and so returned the same to the board of equalization. On September third, eighteen hundred and ninety-one, I. H. Adams, one of the firm of Steel and Adams, appeared in behalf of the firm before the board of equalization, in response to its summons, and was examined touching the indebtedness claimed; and, after considering the matter, the board struck out and disallowed the whole of the alleged indebtedness, and fixed the valuation of their taxable property at fourteen thousand eight hundred and ninety-two dollars, upon which a tax of four hundred and forty-nine dollars and four cents was thereafter duly levied. This tax having become delinquent, was included in a warrant directed to the sheriff for the collection of delinquent taxes; and while such warrant was in the hands of the sheriff Steel and Adams applied to him by affidavit, under section 2832, Hill's Code, to remit the whole tax. The sheriff refusing to make the remission as demanded, this proceeding by mandamus was brought to compel him to do so. The court below dismissed the writ, and Steel and Adams appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. C. H. Finn.*

For respondent there was a brief and an oral argument by *Mr. M. L. Olmstead.*

29 OR.—18.

Opinion by MR. JUSTICE WOLVERTON.

If it be conceded that mandamus will lie to compel the sheriff to remit taxes in a proper case, it is not believed that plaintiffs have brought themselves within the purview of the section authorizing such remission. The section (2832) reads as follows: "Whenever the assessor in any county, through mistake or otherwise, shall return as taxable property a greater amount than should be assessed to any person, the sheriff may remit the excess, upon the person owning such property, or his agent, making affidavit that the same was wrongfully assessed, and giving under oath a list of all his property liable to taxation; and the sheriff shall report the name of the person and the property so illegally assessed, and shall be credited by the county court with such excess." The statute elsewhere (Code, §§ 2729 to 2735,) particularly designates the property liable to taxation, and includes "all property, real and personal, within the state not expressly exempted therefrom." Section 2732 contains a list of such as is exempt. It will be observed that section 2832 uses the terms "taxable property," and "property liable to taxation," and doubtless they are used in the same sense. The list required to be given under oath shall be of all his "property liable to taxation." This means a list of all his real and personal property within the state not expressly exempted from taxation. The purpose of requiring the list is to give the sheriff a basis upon which to ascertain what property has been "illegally as-

sessed," as well as to inform him what property
the party in whose behalf the affidavit is made has
liable to taxation. From the data thus furnished
and ascertained, when considered in connection with
the list which the assessor has returned as taxable
property, the sheriff is enabled to determine the ex-
cess, and make the proper correction. The term
"taxable property" is sometimes used in a sense to
indicate that which a person owns exclusive of in-
debtedness: *Stephens* v. *School District Number Twen-
ty-One*, 6 Or. 353; Cooley on Taxation, 174. But it
is not in this sense that it is used in section 2832
of the Code, for if it was how could the sheriff re-
port the property illegally assessed? For instance,
if A's land is assessed at one thousand dollars, and
a deduction of five hundred dollars for indebtedness
is made, the balance would represent "the just
amount of taxable property," using the expression
of Cooley, but suppose A. claims from the sheriff a
deduction for an additional indebtedness of three
hundred dollars, the balance, after deducting the
two amounts would represent his "taxable prop-
erty." That is, A's taxable property would be rep-
resented by two hundred dollars. Under these con-
ditions, what property would the sheriff report as
"illegally assessed?" None. He must report, if
anything, that he has allowed to A. an additional
deduction for indebtedness, and remitted a propor-
tionate amount of his taxes. But suppose A. is as-
sessed upon two lots, or two or more pieces of prop-
erty, one of which he does not own, or owns an
undivided interest only in the whole; then it be-

comes perfectly apparent what property the sheriff should report as "illegally assessed." It would be the lot or piece of property or the. interest that he did not own. With this latter understanding of the section it becomes intelligible, and the result is easily and definitely reached. The sheriff has simply to compare the list returned by the assessor with the list contained in the affidavit, and, if the assessor's return shows a greater amount of taxable property (that is, property liable to taxation,) than the affidavit, then the excess is to be eliminated as illegally assessed, and the tax thereon remitted, for the amount of which the sheriff is entitled to credit upon reporting the same to the county court. Section 2808 provides that when land has been assessed more than once the sheriff shall collect only the tax justly due thereon, and return the balance to the county court as double assessment, for which he shall receive credit. So it is that under section 2832 he shall receive credit for the amount of remitted taxes levied on property unjustly assessed to the taxpayer. We have the more readily reached this conclusion for the reason that these sections must receive a strict construction, as any powers accorded the sheriff; the exercise of which would in any respect have the effect to change or modify the acts of the assessor and the board of equalization, must receive the clear sanction of law. The assessor, in making the assessment, and the board of equalization, sitting as a board of review, act in a judicial capacity, and when the roll has passed from their hands it ought to be conclusive in so

far as they have acted within their statutory pow-
ers, and, unless there is a clear warrant of law, the
sheriff cannot be suffered to interfere with or mod-
ify their judgment.   The sheriff is not empowered
under section 2832 to allow a deduction for indebt-
edness, and the court will not compel him to do
an act which he is not in duty bound to perform,
and for this reason the judgment of the court below
will be affirmed.   This view of the case renders the
consideration of the other questions presented un-
necessary.                                        AFFIRMED.

Decided at PENDLETON, July 18, 1896.