Argued at Pendleton October 31, reversed and remanded November
29, 1921.

# ALLEN *v.* CRAIG.

### (201 Pac. 1079.)

**Taxation—Statutory Penalty for Refusal to List Property, if Paid
Before Suit is Payable to the Assessor.**

1.   Under Section 4273, Or. L., providing a penalty for the re-
fusal of a property owner to give an assessor a list of his property,
with its value, if the owner pays the penalty for such refusal be-
fore suit is brought, it should be paid to the assessor for use of
the county.

**Penalties—Informer, Suing in His Own Name for Penalties, must be
Authorized by Statute or by Necessary Implication.**

2.   In order to prosecute an action for a penalty in his own
name, an informer must be authorized to do so by statute or by
necessary implication.

**Penalties—Express Statutory Provision That a County shall Prose-
cute All Actions for Penalties Applies Though Part Goes to an
Informer.**

3.   Where there is a general statute providing that all actions for
penalties may be prosecuted by the county, and also a statute pro-
viding that a portion of the penalty shall go to an informer, the
action must be prosecuted in the name of the county.

**Taxation—Assessor cannot Maintain Action in His Own Name for
Benefit of County, Unless Authorized by Statute.**

4.   In an action to recover a statutory penalty for failure to give
an assessment list of property as required by Section 4273, Or. L.,
an assessor cannot maintain the action in his own name, unless he
is authorized by statute.

**Taxation—Statutes Do not Permit Assessor to Sue for Penalty in
His Own Name, for the Benefit of the County, on Refusal to
List Property.**

5.   Although Section 4273, Or. L., provides that a person refusing
to give an assessor a list of his property shall forfeit and pay to
the assessor, for the benefit of county, a penalty which may be re-
covered by legal action, the assessor is not the proper party to
prosecute the action.

**Taxation—In Suit to Collect Penalties for Failure to List Taxable
Property, the County is the Real Party in Interest and Should
Sue.**

6.   In an action under Section 4273, Or. L., to collect a penalty
for refusal to give a list of taxable property to an assessor, the

2.   What are *qui tam* actions, and the rights of informers, see
note in 50 **Am. St. Rep.** 557.

county is the real party in interest, and under Section 27, providing that every action shall be prosecuted in the name of the real party in interest, a suit to collect the penalty should be in the name of the county.

Taxation—In Suit for Penalty for Benefit of County, Assessor is not Trustee of an Express Trust, so as to Sue in His Own Name.

7. In a suit under Section 4273, Or. L., for refusal to give the assessor a list of taxable property, the assessor is not a trustee of an express trust, so as to authorize him to bring suit in his own name, under the provision of Section 29.

Taxation—Provision That Suit to Collect Penalty may be in Name of County Precludes Assessor from Suing in His Own Name.

8. In an action under Section 4273, Or. L., to collect a penalty for failure to give a tax assessor a list of taxable property, the express provision of Section 357 that a county may sue in its corporate name to recover a penalty precludes the assessor from suing to collect penalty in his own name for the benefit of the county.

Taxation—Complaint by Assessor in Action in Own Name to Collect Penalty for Benefit of County Held not to State Cause of Action.

9. The right to maintain an action under Section 4273, Or. L., to recover a penalty for failure to give a tax assessor a list of taxable property, is not in the assessor, and a complaint in a suit by the assessor fails to state a cause of action.

Counties—County Court can Discontinue Suit by an Assessor for Benefit of County.

10. Under Section 937, subdivision 9, Or. L., giving a County Court the general care and management of the county property, funds and business, and Section 938, giving it the power to control all actions, suits, or proceedings by the county, the determination of a County Court to end a suit in the name of an assessor for the benefit of the county to collect a penalty, under Section 4273, for failure to give a list of taxable property, is, in the absence of fraud, binding on the assessor.

Taxation—Determination of Board of Equalization That a Verified List and Statement of Taxable Property was Correct Binding on the Assessor.

11. Under Section 4273, Or. L., providing a penalty for refusal to give the assessor a list of taxable property, the determination of the board of equalization that a verified list and statement submitted to the assessor and refused by him was a true and correct list and statement of the value of the property was a judicial decision, binding on the assessor.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

In this action, begun on July 30, 1919, C. H. Allen, the county assessor of Wallowa County, is attempting

as plaintiff to recover for the use of the county the sum of $100, which it is averred Craig must pay as a penalty for his alleged refusal to furnish a statement of the items and value of his taxable property as required by Section 4273, Or. L.

The complaint recites that Allen is the assessor and as such "institutes and carries on this action" for the use of the county, and declares that Craig is a resident and inhabitant of the county possessing real and personal property subject to taxation; and it is then alleged that on June 9, 1919, the defendant refused to furnish to the plaintiff a list of all real and personal property in the county owned by the defendant on March 1, 1919, together with a statement of the values of such property, and that because of such refusal the defendant is indebted to the plaintiff for the use of the county in the sum of $100.

The defendant demurred to the complaint upon three grounds: (1) That the complaint does not state sufficient facts to constitute a cause of action in favor of plaintiff; (2) that the plaintiff does not have legal capacity to sue; and (3) that the court is without jurisdiction of the subject of the action, or of the person of the defendant.

After the court overruled the demurrer to the complaint, and on November 17, 1919, the defendant filed a motion for the dismissal of the cause upon the ground that on November 6, 1919, the County Court made an order directing the dismissal and discontinuance of the action. The motion to dismiss was denied, and subsequently on February 24, 1920, the defendant filed an answer.

In addition to admissions and denials the answer contains two further and separate defenses. In the first separate defense the defendant avers that on

June 10, 1919, he offered and tendered to the plaintiff a duly verified list of all the real and personal property owned and possessed by him on March 1, 1919, liable to assessment and taxation in Wallowa County, together with a statement of the values of the several items of property amounting to $2,000; that the plaintiff refused to receive or accept the list as prepared by the defendant and that thereupon the plaintiff himself proceeded to and did make out a statement purporting to contain a list of defendant's property; that the statement so prepared by the plaintiff "wrongfully listed and assessed to defendant money, notes and accounts to the amount of $25,000 for the purpose of taxation," when in truth the defendant's property subject to assessment and taxation in the county did not exceed $2,000 in value; that afterwards on September 29, 1919, and upon the petition of the defendant, the county board of equalization, after investigation and consideration, adjudged

"that the purported list of defendant's taxable property as made out and prepared by plaintiff be rejected and set aside, and that the verified list of such taxable property as prepared by defendant and by him previously tendered to plaintiff, be and was thereby received and accepted by said board of equalization as a true statement and list of defendant's taxable property within said county for the year 1919, and whereby defendant's assessment for said year was duly equalized and reduced to the extent of the difference between said lists, to wit, the sum of" $23,000.

In the second separate defense it is averred that on November 6, 1919, the County Court while sitting for the transaction of county business, entered an order reciting the fact of the equalization of the assessment, and declaring "that there is not sufficient

evidence to justify the further prosecution" of the action, and ordering

"that said action should be dismissed, and that this county will not be a party any further, either as beneficial plaintiff or otherwise, to the posecution of said action."

In his reply the plaintiff admits that he

"assessed the defendant's notes and accounts for the year 1919, at $25,000 for the purpose of taxation on the ninth day of June, 1919, and that the board of equalization for the county of Wallowa, State of Oregon, did on the twenty-ninth day of September, 1919, upon defendant's application, reject said assessment and place the defendant's notes and accounts for the purpose of taxation in said year at the value of $2,000."

The plaintiff further admits in his reply that the County Court of Wallowa County, Oregon, on the sixth day of November, 1919, made an order directing that the plaintiff dismiss the action.

The defendant moved for a judgment on the pleadings, but this motion was denied. At the hearing counsel for the defendant informed us that there was a trial by jury. Although the record presented to us does not show whether the trial was with or without a jury the record does disclose that the action terminated in the Circuit Court in a judgment in favor of the plaintiff for $100 with costs and disbursements. The defendant appealed.

REVERSED AND REMANDED.


For appellant there was a brief and an oral argument by *Mr. D. W. Sheahan.*

For respondent there was a brief and an oral argument by *Mr. A. Fairchild.*

HARRIS, J.—The defendant contends, (1) that the right to maintain this action is in the county and not in the assessor; and (2) that, even though it be assumed that the assessor is entitled to begin and prosecute this action in his own name, he is only a nominal party, while the county is the real party in interest; and that consequently the county is entitled to exercise control over the litigation and can cause the action to be dismissed.

1. Section 4273, Or. L., commands every assessor to require any person liable to be taxed in his county and to be assessed by him to furnish to such assessor a list of all the real and personal property owned by such person liable to taxation in such county together with a statement of the value of such real and personal property. The assessor is also commanded to require the property owner

"to make oath that, to the best of his knowledge and belief, such list, * * contains a full and true account of all the real or personal property, or both, * * to be taxed in said county, and the true cash value of such real or personal property."

The statute further provides that if the property owner

"refuses to furnish such list of real or personal property with the true cash value or values thereof, or to swear to the same when required so to do by the assessor, such person * * shall forfeit and pay to the assessor, for the use of the county, the sum of $100, which sum may be recovered by action in any court having jurisdiction of matters of debt or contract to the amount of $100. Should any such person, * * when so required, refuse to furnish and to swear to any such list, the assessor shall ascertain the taxable property of such person, * * and shall appraise the same from the best in-

formation to be derived from other sources. Upon the failure of any such person * * to make such valuation or valuations, the assessor shall be deemed to be the authorized agent of such person, * * for the purpose of making said valuation or valuations, and the same, as given in the assessment-roll, shall have the same force and effect as if made under oath by said person * * . The assessor may increase any valuation made by any such person * * for purposes of assessment and taxation.

Does Section 4273, Or. L., enable the assessor to begin and prosecute an action in his own name? It is clear that if a recalcitrant property owner pays the penalty before action is begun, he pays to the assessor; for the statute in express terms prescribes, that the property owner "shall forfeit and pay to the assessor, for the use of the county." It is also clear that if the recalcitrant owner refuses to pay the penalty he can by an action be compelled to pay; for in express terms the statute declares that the penalty "may be recovered by action," but this statute does not expressly state who can maintain such action. It is not in terms declared that the assessor can maintain an action; and, therefore, if the assessor can prosecute the action in his own name his authority to do so is an implied and not an express authority.

2. We may appropriately direct attention to the rule prevailing at common law concerning the recovery of penalties. At common law actions to recover penalties were often prosecuted by "common informers." In order to prosecute the action in his own name, the informer must be authorized so to do either (a) expressly by statute, or (b) by necessary implication; and it has been frequently held that where a statute gives a portion of the penalty to an informer such statute by necessary implication authorizes the

informer to begin and maintain an action in his own name. However, the statement that authority may be implied from the fact that a portion of the penalty, when recovered, goes to the informer, has been many times, although not always, held subject to the qualification that if there be a general statute providing that all actions to recover penalties may be brought in the name of the county or state, the informer has no right to prosecute the action.

3, 4. It is usually held that where there is a general statute providing that all actions for penalties may be prosecuted by the county, and there is also a statute providing that a portion of a penalty shall in a given class of cases go to an informer, the express language of the former statute will prevail over any mere implication which might be suggested by the latter statute: *Williams* v. *Wells Fargo etc. Express,* 177 Fed. 352 (101 C. C. A. 328, 21 Ann. Cas. 699, 35 L. R. A. (N. S.) 1034); 21 R. C. L. 213; 21 Standard Ency. of Proc. 274–276. It must not be understood that we are treating the plaintiff as one who under the common law is known as "a common informer," for our only purpose is to call attention to the rules which should be applied if it be assumed that the plaintiff occupies the position of an informer or a position analogous to that of an informer: See 12 C. J. 156. In the instant case the plaintiff is attempting to recover by virtue of his office; but even then he cannot maintain an action in his own name for the recovery of any penalty accruing to the county unless he is authorized by statute: 16 Ency. of Pl. & Pr. 259.

5. If Section 4273, Or. L., stood alone and it were the only statute to be considered, it might be held that this statute by necessary implication authorizes

the assessor to begin and maintain an action in his own name; but Section 4273, Or. L., does not stand alone, and it is our view that, when this section is considered in connection with other statutes to which attention will be directed, the assessor is not the proper party to prosecute the action authorized by Section 4273.

6, 7. The whole of the penalty goes to the county, and none of it goes to the assessor; and, hence, the county and not the assessor is the real party in interest. Section 27, Or. L., provides that,—

"Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in Section 29."

Upon turning to Section 29, Or. L., we find that it reads thus:

"An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

The assessor is not an executor or administrator. Although it may be assumed that the assessor occupies the position of a trustee of an express trust if the penalty is actually paid to him without action, nevertheless it would require an undue expansion of the meaning of the language employed in Section 29, when considered in connection with other sections of the Code, to say that the assessor is before payment the trustee of an express trust; and, hence, unless the assessor is expressly authorized by statute the action must be prosecuted in the name of the county or in the name of some other officer who is expressly authorized by statute, because the county is the real party in interest: *Malheur County* v. *Carter,* 52 Or. 616, 619 (98 Pac. 489). See *Hannah* v. *Wells,* 4 Or. 249;

Section 1019, Or. L. We do not attempt to decide whether the district attorney is authorized to sue, for it is sufficient here to say that neither Section 4273, Or. L., nor any other statute expressly authorizes the assessor to prosecute the action in his own name; and, consequently, if no statutes are considered except Sections 27, 29 and 4273, Or. L., the plaintiff must fail. But there are additional reasons for holding that the plaintiff cannot recover.

8, 9. It is provided by Section 357, Or. L., that—

"An action at law may be maintained by any county * * in its corporate name * * to recover a penalty or forfeiture given to such public corporation."

Confronted as we are with this statute expressly authorizing the county to sue for a penalty accruing to it, is it not manifest that the legislature did not intend by a mere implication to be extracted from Section 4273 to confer upon the assessor the right to sue when that same right was and is expressly given to the county? If the legislature had intended to authorize the assessor to sue, such intention could have been easily and plainly expressed. The right to maintain an action to recover the penalty prescribed by Section 4273 is not in the assessor, but in another, and, consequently, the complaint fails to state a cause of action, and the judgment must be reversed: *Crowder* v. *Yovovich*, 84 Or. 41, 48 (164 Pac. 576); 31 Cyc 296; 21 R. C. L. 526.

10. If, however, it be assumed for the purpose of further discussion that the assessor is authorized to sue for the penalty, nevertheless it was his duty to dismiss the action when directed to do so by the County Court. By force of Section 937, subdivision 9, Or. L., the County Court is given "the general care and management of the county property, funds and

business, where the law does not otherwise expressly provide"; and in Section 938, Or. L., it is declared:

"All actions, suits, or proceedings by or against a county are in the name of such county, but the county is represented by the County Court, and such court has authority and power to control and direct the proceeding therein, as if it were plaintiff or defendant, as the case may be."

The County Court was entitled to control the prosecution of the action, and as between the plaintiff and the County Court the latter was, at least in the absence of fraud, supreme; and the assessor ought to have discontinued the action: *Kerby* v. *Clay County*, 71 Kan. 683 (81 Pac. 503); *Kingfisher County* v. *Graham*, 40 Okl. 571 (139 Pac. 1149).

11. Moreover, the adjudication made by the board of equalization on September 29, 1919, was a judicial decision that the verified list and statement which Craig submitted to the assessor and the latter refused to accept was a true and correct list of Craig's property and a true and correct statement of the value of such property: *Steel* v. *Fell*, 29 Or. 272 (45 Pac. 794); *Oregon & Cal. R. Co.* v. *Jackson County*, 38 Or. 589, 602 (64 Pac. 307, 65 Pac. 369). The judgment rendered by the board of equalization has not been reviewed, nor revised, nor modified; but, upon the contrary, at the time of the trial in the Circuit Court the judgment of the board of equalization stood as a finality and as such was, at least in the absence of fraud, binding upon the assessor, even though it be assumed that the assessor can in his own name prosecute an action for the recovery of the penalty.

The judgment is reversed and the cause is remanded, with directions to enter a judgment in favor of defendant for his costs and disbursements.

REVERSED AND REMANDED WITH DIRECTIONS.